# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| AZAR & ASSOCIATES, P.C. | § |
| | § |
| Plaintiff, | § |
| | § CASE NO. 4:17CV418 |
| V. | § Judge Mazzant/Judge Johnson |
| | § |
| JERRY L. BRYANT, ET AL., | § |
| | § |
| Defendants. | § |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On September 22, 2017, the Report of the Magistrate Judge was entered containing proposed findings of fact and recommendations (s*ee* Dkt. #41) that the Motion to Set Aside Clerk's Entries of Default as to Defendants, Coety Layne Bryant, Deanna Bryant, Exclusive Legal Marketing, Inc., and Prime Legal Leads, LLC ("Defendants") (Dkt. #38) should be **GRANTED**, and thus, the Clerk's Entries of Default against Coety Layne Bryant, Deanna Bryant, Exclusive Legal Marketing, Inc., and Prime Legal Leads, LLC (Dkts. #25, #31, and #35) should be **VACATED**. *See* Dkt. #41 at 6.

Plaintiff Azar & Associates, Inc. filed objections to the Report (Dkt. #47). The Court has made a *de novo* review of the objections raised by Plaintiff and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Plaintiff objects to the Report's finding that Defendants' default was not intentional and/or willful. *See* Dkt. #47 at 2. Plaintiff re-asserts a number of arguments to the effect that Defendants' explanations for their delay in responding are disingenuous and speculates about other likely explanations for Defendants' delay, such as weighing their options to file bankruptcy and/or rearranging their corporate structures. *See* Dkt. #47 at 9-10. However, the Magistrate Judge previously found there was insufficient proof of willful and/or intentional behavior by Defendants. *See* Dkt. #41 at 5. The Court finds no error in the Magistrate Judge's analysis or conclusion, and therefore, Plaintiff's objection is overruled.

To the extent that Plaintiff argues it will be prejudiced because Defendants will have time to convey their assets and/or take other steps to avoid having to pay a judgment (*see* Dkt. #47 at 2, 7-9), the Magistrate Judge has already addressed this argument in the Report. *See* Dkt. #41 at 5. The Court agrees with the conclusion of the Magistrate Judge that Plaintiff can use discovery to search for assets to pay the judgment due. Accordingly, the Court finds no error, and this objection is overruled.

Plaintiff's objection to the Magistrate Judge's finding that Defendants have valid, potential defenses to Plaintiff's asserted claims is also overruled. *See* Dkt. #47 at 2, 3-7. The Report clearly explains the Magistrate Judge's rationale for her conclusion, and the Court finds no error. As a result, the Court overrules Plaintiff's objection. The Court also agrees with the Magistrate Judge's finding that the affidavits filed in support of Defendants' motion were properly submitted evidence in support of the motion. Thus, Plaintiff's objection to this finding is overruled.

Finally, in light of the principle that the requirement of good cause should be interpreted liberally, *Amberg v. Federal Deposit Ins. Corp*., 934 F.2d 681, 685 (5th Cir. 1991), and the general disfavor against default judgments, *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874

F.2d 274, 276 (5th Cir. 1989), the Court agrees with the Magistrate Judge that default judgment is improper here.

Based on the foregoing, the Court finds no error in the Magistrate Judge's Report, and Plaintiff's objections are overruled. Accordingly, the Motion to Set Aside Clerk's Entries of Default as to Defendants, Coety Layne Bryant, Deanna Bryant, Exclusive Legal Marketing, Inc., and Prime Legal Leads, LLC (Dkt.# 38) is **GRANTED**. The Court orders the Clerk's Entries of Default against Coety Layne Bryant, Deanna Bryant, Exclusive Legal Marketing, Inc., and Prime Legal Leads, LLC (Dkts. # 25, 31 and 35) are hereby **VACATED**.

**IT IS SO ORDERED.**
**SIGNED this 20th day of October, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE