# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| FRANKLIN D. AZAR & ASSOCIATES, P.C., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:17-cv-00418-ALM-KPJ |
| JERRY L BRYANT, ET AL., | § § § | |
| Defendant. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report of the United States Magistrate Judge in this action, this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On October 1, 2018, the Report of the Magistrate Judge was entered (s*ee* Dkt. #158) containing proposed findings of fact and recommendation that The Law Office of Bruce M. White, LLC, Gruber Law Offices, LLC, Foy and Associates P.C., and Richard Schwartz and Associates, P.A.'s (collectively, the "Law Firm Defendants") motions to dismiss (Dkts. 106, 110, 125, 128) (the "Motions") be denied.

The Law Firm Defendants filed Joint Objections to the Magistrate Judge's October 1, 2018 Report and Recommendation (the "Objections") (Dkt. #160). Franklin D. Azar & Associates, P.C. ("Plaintiff") filed a Response to the Objections (Dkt. #161). The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate

findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I. BACKGROUND

Plaintiff brings this lawsuit in connection with an underlying judgment issued by the M-298th Judicial District Court of Dallas County, Texas (the "State Court"), on April 3, 2012 (the "Judgment"). *See* Dkt. #77-1 at ¶ 35. The Judgment provided that IMGRP Productions, Inc., PI Advertising, Inc. ("PI Advertising"), Law Ads, Inc., and Jerry Bryant (collectively, the "Debtors") shall pay Plaintiff, jointly and severally, $1,000,000.00, by June 6, 2013. *See id.* The Debtors never satisfied the Judgment, and Plaintiff has made various efforts to collect, including this lawsuit. Plaintiff originally filed this lawsuit against Jerry Bryant, various close associates, and alleged alter-ego entities of PI Advertising, all of whom Plaintiff alleges were involved in hindering the collection of the Judgment. *See* Dkt. #1. Through discovery, Plaintiff learned that Jerry Bryant was using different bank accounts to continue operating PI Advertising after the Judgment was entered. *See* Dkt. #89-2 at 11–12. With this information, Plaintiff filed an Amended Complaint to Avoid Fraudulent Transfers, for Damages, and for Declaratory Relief (the "Amended Complaint") (Dkt. #77-1). In the Amended Complaint, Plaintiff alleges, *inter alia*, that Jerry Bryant breached his fiduciary duty to PI Advertising by facilitating the diversion of income intended for PI Advertising (which had yet to fulfill the Judgment). *See* Dkt. #77-1 at ¶¶ 144–45. Plaintiff also alleges the Law Firm Defendants aided and abetted Jerry Bryant by paying for services provided by PI Advertising to other, un-garnished bank accounts affiliated with Jerry Bryant, with knowledge of the Judgment and the Debtors' insolvency, thereby avoiding collection on the Judgment. *See* Dkt. #77-1 at ¶¶ 27, 28, 30, 144–45.

In the Motions (Dkts. #106, #110, #125, #128), the Law Firm Defendants argue the claims asserted against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because the Court does not have personal jurisdiction over them.

## II. DISCUSSION

When determining whether a plaintiff has proven sufficient facts to establish minimum contacts, the plaintiff bears the burden of proof; however, the plaintiff need only make a *prima facie* showing of the defendant's contact with the forum state. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). The court must resolve any disputed facts in favor of the plaintiff and a finding of jurisdiction. *Id.* (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). Any uncontroverted allegations in the plaintiff's complaint must be taken as true and conflicts between the factual allegations of the parties must be resolved in the plaintiff's favor when determining whether a *prima facie* case for personal jurisdiction exists. *Bullion*, 895 F.2d at 217.

Defendants first argue the Report improperly relies on third party contacts in determining personal jurisdiction. *See* Dkt. #160 at 3–4. Here, the Magistrate Judge explained the contacts analyzed were those of the Law Firm Defendants, not the Debtors. *See* Dkt. #158 at 5. The Law Firm Defendants allegedly acted with knowledge of the Debtors' insolvency, when they allegedly aided and abetted the Debtors by misdirecting payments owed to PI Advertising and allowing PI Advertising's alter-egos to assume and fulfill their contracts, thereby assisting Debtors in avoiding the Judgment. *See* Dkt. #158 at 5–6. The Law Firm Defendants allegedly took purposeful action to aid and abet the Debtors that was not random, fortuitous, or attenuated. Plaintiff alleges the Law Firm Defendants altered contracts or allowed other forum-resident companies, alter-egos of the Debtors, to fulfill existing contracts for the

3

purpose of aiding a Texas debtor in avoiding payment on the Texas Judgment. *See* Dkt. #89-2 at 11–12. Accordingly, this objection is **OVERRULED**.

Law Firm Defendants also claim that *Walden v. Fiore,* 571 U.S. 277 (2014), "calls into question the reliability of *Mullins* and *Dontos*[,]" which were both cited in the Report. *See* Dkt. #160 at 6. However, *Walden* was decided by the Supreme Court almost seven months after *Dontos v. Vendomation NZ* Limited, 582 F. App'x 338 (5th Cir. 2014). *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 402 (5th Cir. 2009), and *Dontos* both rely on the "effects test" set forth in *Calder v. Jones*, 456 U.S. 783, 789–90 (1984). The *Walden* Court did not eliminate the *Calder* effects test; rather, it relied on the "well established principles" of *Calder*, simply reframing the effects test in intentional-tort settings. *See Walden*, 571 U.S. at 291 (citing *Calder*, 465 U.S. at 788). Accordingly, reliance by the *Dontos* and *Mullins* Courts on *Calder* reflect well established principles of personal jurisdiction. This objection is **OVERRULED**.

The Law Firm Defendants finally argue the facts in this case are distinguishable from *Mullins* and *Dontos*. *See* Dkt. #160 at 7. Like the defendants in *Mullins* and *Dontos*, the Law Firm Defendants are alleged to have acted: (1) with knowledge of a specific creditor, the Texas Judgment; (2) with knowledge that their existing contracts with PI Advertising were subject to the Judgment; (3) by diverting payments under the contract with Texas company PI Advertising to alter-ego companies; and (4) by allowing other alter-ego companies to perform PI Advertising's contracts and accept PI Advertising's payments. *See* Dkt. #77-1 at 8–9. Taking Plaintiff's allegations as true, Plaintiff has made a *prima facie* showing that the Law Firm Defendants' tortious acts intentionally targeted a specific creditor, Plaintiff, seeking to enforce the Judgment, in the forum state. Accordingly, this objection is **OVERRULED**.

## III.    CONCLUSION

Because Plaintiff's Amended Complaint states sufficient facts to establish a *prima facie* showing of the Law Firm Defendants' contacts in Texas, the Motions (Dkts. #106, 110, 125, 128) are **DENIED**.

    **IT IS SO ORDERED**.
    **SIGNED this 4th day of December, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE