# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| FRANKLIN D. AZAR & ASSOCIATES, P.C., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:17-cv-00418-ALM-KPJ |
| JERRY L BRYANT, ET AL., | § § § | |
| Defendant. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report of the United States Magistrate Judge in this action, this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On November 14, 2018, the Report of the Magistrate Judge was entered (s*ee* Dkt. #165) containing proposed findings of fact and recommendation that Plaintiff Franklin D. Azar & Associates, P.C.'s ("Plaintiff") Motion for Partial Summary Judgment Against Defendants Coety Layne Bryant and Lauren Von Atkinson McNeil (Dkt. #89) (the "Motion") be denied.

Plaintiff filed Objections to the Magistrate Judge's November 14, 2018 Report and Recommendation (the "Objections") (Dkt. #167). The Court ordered responses to be filed by both Coety Layne Bryant ("Coety Bryant") and Lauren Von Atkinson McNeil ("McNeil"). *See* Dkt. #168. Both Coety Bryant and McNeil filed responses (Dkts. #173, #174). The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate

findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

I. **BACKGROUND**

Plaintiff brings this lawsuit in connection with an underlying judgment issued by the M-298th Judicial District Court of Dallas County, Texas (the "State Court"), on April 3, 2012 (the "Judgment"). *See* Dkt. #89-1. The Judgment provided that IMGRP Productions, Inc., PI Advertising, Inc. ("PI Advertising"), Law Ads, Inc., and Jerry Bryant (collectively, the "Judgment Debtors") were to pay Plaintiff, jointly and severally, $1,000,000.00, by June 6, 2013. *See id.* The Judgment Debtors never satisfied the Judgment, and thus, Plaintiff filed a writ of garnishment in the State Court on March 26, 2014, seeking to garnish any bank accounts held by the Judgment Debtors, including the accounts of PI Advertising, held at Frost Bank. *See* Dkt. #89 at 4. The State Court authorized the writ the same day it was filed (the "Garnishment Writ"). *See* Dkt. #89-4. Accordingly, the Garnishment Writ, *inter alia*, trapped funds held by PI Advertising in two accounts at Frost Bank beginning March 26, 2014. *See* Dkt. #89 at 5.

Thereafter, on September 22, 2014, PI Advertising filed for Chapter 11 Bankruptcy in the Eastern District of Texas (the "Bankruptcy Proceeding"). *See In re: PI Advertising, Inc.*, Case No. 14-45005; *see also* Dkt. #89-30. As CEO of PI Advertising, Jerry Bryant provided sworn testimony in the Bankruptcy Proceeding on October 14, 2014, wherein he testified that after PI Advertising's bank accounts were garnished by the State Court Garnishment Writ, he began "hiding [PI Advertising's] bank accounts from" Plaintiff's counsel. Dkt. #89-2 at 6 ("Jerry's Bankruptcy Testimony"). Subsequently, on August 27, 2015, McNeil, provided sworn testimony in the Bankruptcy Proceeding, wherein she provided information regarding her

involvement with PI Advertising ("McNeil's Bankruptcy Testimony"). Dkts. #89-9-89-14. McNeil testified that part of her job as an assistant at PI Advertising was to pay bills for the company. *See id.* McNeil further testified that beginning in April 2014, one personal bank account bearing the names "Coety Bryant or Lauren Atkinson" (the "4358 Account") (*see* Dkt. #89-16) was used by PI Advertising for operational business expenses because of the Garnishment Writ in connection with the State Court Judgment. *See* Dkt. #89-10 at 10–11.

In the Motion, Plaintiff alleges that Defendants violated the Texas Uniform Fraudulent Transfer Act ("TUFTA"), TEX. BUS. & COM.CODE § 24.001 *et seq.*, by receiving transfers of funds to the 4358 Account from PI Advertising after the Garnishment Writ was entered, thereby hindering Plaintiff's collection of the Judgment. *See* Dkt. #89 at 8.

## II.  DISCUSSION

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). In this case, the Magistrate Judge found that there was sufficient evidence in the record to create a fact issue as to whether Coety Bryant or McNeil were "transferees" under TUFTA.

Plaintiff first requests that the Court "decree the specific amount of the total transfers to the 4358 Account[.]" The records regarding this account are voluminous and Plaintiff has not put forth records regarding each transaction through the 4358 Account. *See, e.g.,* Dkts. #89-17–

3

89-21. Only those transfers which were not made in good faith and for value are voidable. TEX. BUS. & COM. CODE § 24.009. The Court declines to scour the record in search of which transfers were or were not proper. Accordingly, this request is **OVERRULED**.

Plaintiff's remaining objections hinge on the Report's interpretation of "legal dominion or control" under TUFTA. *See* Dkt. #167 at 3–7. "In general, a determination of liability under TUFTA is a two-step process: first, a finding that a debtor made an actual fraudulent transfer or a constructive fraudulent transfer; and second, recovery for that fraudulent transfer, or its value, from the transferees." *Spring Street Partners v. Lam*, 730 F.3d 427, 436 (5th Cir. 2013) (internal citations omitted). Plaintiff asserts that Coety Bryant and McNeil are transferees as a matter of law.

"TUFTA does not define a 'transferee.' Under case law, a party is a transferee if it has 'legal dominion or control' over the assets in question." *Sourcing Management, Inc. v. Simclar, Inc.*, 118 F. Supp. 3d 899, 916 (N.D. Tex. July 30, 2015) (quoting *Newsom v. Charter Bank Colonial*, 940 S.W.2d 157, 166 (Tex. App.—Houston [14th Dist.] 1996, writ denied)). Plaintiff argues that "legal dominion or control" is a disjunctive test requiring either dominion or control, relying on *Simclar*. In *Simclar*, however, the court applied a *factor* test to determine whether a party was a transferee. *See Simclar*, 118 F. Supp. 3d at 916 ("Factors a court should consider in determining whether a party is a 'transferee' include whether the party has complete legal title, unfettered discretion to pay creditors, and the lack of any agreement restricting access to or use of the funds.").

Considering the factors described in *Simclar*, Coety Bryant and McNeil raise a fact question as to whether they had either unfettered discretion to pay creditors or the lack of any agreement restricting access to or use of the funds. *See* Dkt. #89-2 at 6; Dkt. #100-1 at 3–4, 6;

4

Dkt. #101-1 at 2–3. Unlike the parties in *Simclar*, Plaintiff does not direct the Court to statements or press releases by either Coety Bryant or McNeil stating that they had the unrestricted power to control the 4358 Account. There remains a triable issue of fact regarding whether Coety Bryant or McNeil are transferees under TUFTA. Accordingly, this objection is **OVERRULED**.

### III. CONCLUSION

Because Plaintiff failed to establish that there are no genuine issues of material fact for trial, Plaintiff's Motion for Partial Summary Judgment (Dkt. #89) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 12th day of January, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE