IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FRANKLIN D. AZAR & ASSOCIATES, P.C., | § § § § | |
| Plaintiff, | § § | Civil Action No.: 4:17-cv-00418-ALM-KPJ |
| v. | § § | |
| JERRY L. BRYANT, ET AL., | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion to Extend Discovery Deadline to Conduct Depositions of Franklin Azar, Individually and as the Corporate Representative of Franklin D. Azar and Associates, P.C., and Lauren McNeil, Individually and as the Corporate Representative of McNeil Consultants LLC (the "Motion"), filed by Defendants Coety L. Bryant, Deanna Bryant, Exclusive Legal Marketing, Inc. (collectively, the "Bryant Defendants") (Dkt. 253). In the Motion, the Bryant Defendants request extension of the discovery deadline to May 31, 2019, for the sole purpose of conducting the noticed depositions of Franklin D. Azar ("Azar") and Lauren von Atkinson McNeil ("Lauren McNeil"), in their individual and corporate representative capacities. *See* Dkt. 253.

### I. BACKGROUND

The Bryant Defendants argue the discovery deadline should be extended because their counsel suffered an injury and was unable to attend Azar's deposition in Denver, and because Lauren McNeil's deposition "did not take place in part because of scheduling issues and apparently because of a settlement entered into between the Plaintiff and the McNeil Defendants." *See* Dkt. 253 at 2–5. The Motion is opposed by Plaintiff Azar & Associates, P.C. ("Plaintiff") and

1

Defendants Daniel McNeil and Lauren Von Atkinson McNeil (the "McNeil Defendants"). *See* Dkts. 254, 256.

This suit was filed on June 14, 2017. *See* Dkt. 1. The discovery deadline in this case ended on April 30, 2019. *See* Dkt. 253 at 1; Dkt. 147. The Motion was filed on April 30, 2019, seeking an additional thirty-one-day extension of the discovery deadline. *See* Dkt. 253. There are three fully briefed Motions for Summary Judgment pending in this case. *See* Dkts. 184, 186, 217. This matter is set for mediation on June 24, 2019, and a pretrial conference on August 2, 2019. *See* Dkts. 147, 261, 262.

The deposition of Azar was scheduled and completed in Denver, Colorado, on April 24, 2019. *See* Dkt. 253 at 3. Lauren McNeil's deposition was noticed for April 11, 2019. Lauren McNeil's deposition was later cancelled. *See* Dkt. 253 at 2. No party noticed a new deposition date for Lauren McNeil; however, on April 26, 2019, the Bryant Defendants emailed the McNeil Defendants regarding scheduling her deposition. *See* Dkt. 256 at 2. To date, Lauren McNeil's deposition has not been taken.

## II. ANALYSIS

In *Charles v. Wade*, 665 F.2d 661, 665–65 (5th Cir. Unit B 1982), the Fifth Circuit held that a party in a civil case must be allowed to take a witness's deposition to preserve the witness's testimony for trial—even past the discovery deadline—as long as the deposition does not unfairly prejudice the opposing side. *See also E.E.O.C. v. Big Lots Stores, Inc.*, 2009 WL 3617603, at *2 (E.D. Tex. Oct. 29, 2009) (collecting factors to consider in determining whether a late deposition to preserve testimony for trial should be allowed); *Franklin Bank, SSL v. St. Paul Mercury Ins. Co.*, 2008 WL 11389636, at *2 (S.D. Tex. Sep. 24, 2008) (analyzing the Fifth Circuit's holding in *Charles*).

2

In this case, the extension of the deposition deadline sought is seeking the deposition of witnesses for trial. The dispositive motion deadline has passed and the summary judgment motions are briefed. *See, for example*, Dkts. 184, 186, 217. Accordingly, Rule 16(b)(4) is not implicated and the Bryant Defendants need not show good cause.

Considering the factors set forth in *Big Lots Stores*, the Court finds that the testimony of Azar and Lauren McNeil is integral to the presentation of the Bryant Defendants' case and warrants extension of the deposition deadline. For example, Lauren McNeil has completed a declaration in this case and, given Lauren McNeil's settlement with Azar,[1] the Bryant Defendants may be otherwise unable to obtain or present the desired evidence absent additional depositions. *See* Dkt. 253 at 2. Moreover, in reviewing the filings, the Court finds that no prejudice will result to either Azar or Lauren McNeil by allowing the Bryant Defendants to depose them.

Upon consideration, the Court finds the Bryant Defendants shall be allowed to take the depositions of Azar and Lauren McNeil. Accordingly, the Motion (Dkt. 253) is hereby **GRANTED IN PART** and **DENIED IN PART**. The Bryant Defendants shall be permitted to take the depositions of Azar and Lauren McNeil subject to the limitations listed below.

It is hereby **ORDERED** that the depositions of Azar and Lauren McNeil shall be conducted **after** the parties' mediation, scheduled on June 24, 2019, and **before** the parties' Pretrial Conference, scheduled on August 2, 2019. *See* Dkts. 147, 261, 262.

Finally, it is hereby **ORDERED** that the depositions of Azar and Lauren McNeil shall be scheduled at a location convenient to Azar and Lauren McNeil and that the Bryant Defendants shall be responsible for any additional costs incurred in taking the depositions.

---

[1] To date, Azar and Lauren McNeil have not filed a stipulated dismissal. However, in the Agreed Motion to Dismiss Plaintiff's Claims Against Defendant McNeil Consultants, LLC, Plaintiff asserts that a settlement has been reached with Defendants Lauren Von Atkinson McNeil, Daniel McNeil, and the McNeil Consultants. *See* Dkt. 226.

**IT IS SO ORDERED**.

**SIGNED this 31st day of May, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE