# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| FRANKLIN D. AZAR & ASSOCIATES, P.C., | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:17-CV-00418 JUDGE MAZZANT/JUDGE JOHNSON |
| v. | § § § | |
| JERRY L. BRYANT, ET AL., | § § | |
| Defendants. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 30, 2019, the report of the Magistrate Judge (the "Report") (Dkt. #327) was entered containing proposed findings of fact and recommendations that Defendant Richard Schwartz and Associates, P.A.'s ("Schwartz") Motion for Summary Judgment (Dkt. #184) and Defendant Foy & Associates, P.C.'s ("Foy") First Amended Motion for Summary Judgment (Dkt. #217) be denied.

Plaintiff Franklin D. Azar & Associates, P.C. ("Plaintiff") filed an objection to the Report (Dkt. #343), and Defendants Foy and Schwartz (together, the "Law Firm Defendants") filed a response (Dkt. #354). The Court has made a *de novo* review of the objections (the "Objections") raised by Plaintiff and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge.

## I. BACKGROUND

Plaintiff filed suit seeking to collect an underlying judgment issued by the M-298th Judicial District Court of Dallas County, Texas, on April 3, 2012 (the "Judgment"). *See* Dkt. #175 at 6. Plaintiff alleges the Law Firm Defendants aided and abetted Defendant Jerry Bryant's breach of fiduciary duty to PI Advertising by assisting Jerry Bryant in diverting income from PI Advertising to other entities, which would have otherwise been collectible in connection with the Judgment. *See id.* at 39–40.

The Law Firm Defendants each filed a Motion for Summary Judgment (Dkts. #184, #217) (together, the "Motions for Summary Judgment"). In the Report, the Magistrate Judge recommended the Motions for Summary Judgment be denied because "[m]uch of the evidence attached to the Motions and the subsequent responses takes the form of affidavits submitted by interested parties," and therefore, "determination of what Foy and Schwartz knew necessarily requires a credibility determination as to the honesty and accuracy of each declarant[; t]he Court must refrain from making credibility determinations." *See* Dkt. #327 at 7–9 (citing *EEOC v. LHC Group, Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)). Neither Schwartz nor Foy filed objections to the Report. Further, "Plaintiff does not object to the Magistrate Judge's ultimate recommendation that the Law Firm Defendants' motions for summary judgment should be denied." Dkt. #343 at 1.[1]

## II. DISCUSSION

Plaintiff's sole objection is to the Report's finding "relating to the quantum of knowledge required to establish the Law Firm Defendants aided and abetted a breach of fiduciary duty." *See* Dkt. #343 at 1–2. Plaintiff argues that in order to prevail on its claim for aiding and abetting breach

---

[1] In the Law Firm Defendants' Response to Plaintiff's Limited Objection (Dkt. #354), the Law Firm Defendants assert that they "do not agree" with the Report. *See* Dkt. #354 at 2. However, the Law Firm Defendants acknowledge that they filed no objections to the Report. *See id.*

of fiduciary duty against the Law Firm Defendants, it need not prove the Law Firm Defendants acted with actual knowledge, merely "awareness." *See id*. at 2.

Upon review, the Court finds no error in the Report's conclusions. As stated in the Report, to establish the claim for knowingly participating in a breach of fiduciary duty under Texas law, "a plaintiff must assert: (1) the existence of a fiduciary relationship; (2) that the third party knew of the fiduciary relationship; and (3) that the third party was aware that it was participating in the breach of that fiduciary relationship." *See* Dkt. #327 at 4. Further, the Court finds no error in the Report's holding that in order to establish the third element, Plaintiff must prove that the Law Firm Defendants had "actual awareness, at the time of the conduct" of: (1) the fiduciary duty owed by Jerry Bryant to PI Advertising; and (2) of Jerry Bryant's breach of that fiduciary duty. *See id*. at 6 (citing *Seven Seas Petroleum, Inc. v. CIBC World Markets Corp.*, 2013 WL 3803966, at *14 (S.D. Tex. July 19, 2013); *JSC Neftegas-Impex v. Citibank, N.A.*, 365 S.W.3d 387, 411 (Tex. App.—Houston [1st Dist.] 2011, review denied)); *see also Milligan, Tr. For Westech Capital Corp. v. Salamone*, 2019 WL 1208999, at *9 (W.D. Tex. Mar. 14, 2019) ("To have known that it was participating in Halder and Salamone's breach of fiduciary duty, Greenberg would have to have known that their actions were fraudulent, taken in bad faith, or constituted self-dealing."); *Joe N. Pratt Ins. v. Doane*, 2009 WL 3157335, at *2 (S.D. Tex. Sep. 25, 2009) (Liability under derivative theory of torts requires knowledge by the third party that the primary defendant was engaging in tortious or fraudulent conduct.) (citing *Meadows*, 492 F.3d at 639).

The Court further finds no error in the Magistrate Judge's ultimate conclusion that the credibility determinations raised by the Motions for Summary Judgment "are unsuitable for summary judgment." *See* Dkt. #327 at 10. Plaintiff's objection is **OVERRULED**.

## III. CONCLUSION

For the foregoing reasons, the Court finds no error in the Magistrate Judge's recommendations, and Plaintiff's Objection is **OVERRULED**.

**IT IS THEREFORE ORDERED** that Defendant Richard Schwartz and Associates, P.A.'s ("Schwartz") Motion for Summary Judgment (Dkt. #184) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Foy and Associates, P.C.'s ("Foy") First Amended Motion for Summary Judgment (Dkt. #217) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 29th day of August, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE